### UFFERMAN, Exrx. v FRY et

Common Pleas Court, Delaware Co.

No. 12845.   Decided Dec. 6, 1938

Jones & Keller, Delaware, for plaintiff.

682

## OPINION

By WICKHAM, J.

This case comes before this Court on the petition of the Executrix of the last Will and Testament of Frederick W. Ufferman, deceased, for a construction of Item Third of said will and for a declaratory judgment as to who are the residuary devisees and legatees in remainder, after the termination of the life estate of Floretta Ufferman, life tenant.

Item Third of said will reads as follows:

"Third. I further provide that at the death of my wife Floretta Ufferman, the residue of my estate shall be divided between my children, as follows to-wit: Mrs. Lillian Frye, Mrs. Jennie Converse, Charles Frederick Ufferman, Mrs. Grace Smith, Mrs. Helen Russell, Thurman Ufferman, Mrs. Mildred Oswald and Mrs. Nettie Smothers, share and share alike and to their children, if any, in like manner."

The question presented is whether the children of the testator's children named in Item Third share equally with their parents in the distribution of the residue of the estate, or whether they only share if their parents are dead when time for distribution of the residue comes.

If the testator had wanted his grandchildren to share on equal terms with his children he doubtless would have placed the words "and to their children" ahead of the words "share and share alike." The will shows an evident intention to treat all the testator's children equally.

Where the language of a will is susceptible of two constructions, that construction is favored which ▮▮▮▮▮▮▮ will place upon equality those devisees who are equally natural objects of the bounty of the testator. Bourne v Johns, 233 Ky. 448, 26 S. W. 2d, 13. It can hardly be said that grandchildren are natural objects of the bounty of the testator equally with his own children.

To allow all of the grandchildren of the testator to share ▮▮▮▮▮▮▮ equally with all of his children doubtless would give larger portions to certain of the testator's children and their families than to others. Furthermore, by allowing children and grandchildren to take simultaneously it permits children to compete with their living parents, a construction to be avoided unless such plainly was the testator's intention. Manning v Manning, 229 Mass. 527, 118 N. E. 676; Daskam v Lockwood, 103 Conn. 54, 130 A. 92; Culver v Union & New Haven Trust Co., 120 Conn. 97, 179 A. 487, 99 A. L. R. 663.

Applying the above rules of construction to the will in question, we can avoid the difficulties mentioned if the words "and to their children, if any in like manner" are read "or to their children, if any, in like manner." It is a well established rule that in construing a will the Court may, ▮▮▮▮▮▮▮ in order to give effect to the testator's intention, construe "and" as "or". 41 O. Jur. 643; Worst v DeHaven, 262 Pa. 39, 104 A. 802.

I therefore hold that the testator intended that at the death of his wife Floretta Ufferman, the residue of his estate should be divided between his named children share and share alike or, if any of the named children be at that time deceased leaving children of their own surviving, then ▮▮▮▮▮▮▮ the share of that named deceased child should go equally to his or her surviving children. The time for the vesting of the residue and the determination of who the grandchildren are who are to share if their parents are dead will be the time of the death of Floretta Ufferman. **Wilburding, Admr. v Miller, 90 Oh St** 28; Cowman v Classen (Maryland Court of Appeals) 144 A. 367.