THE CLEVELAND TRUST CO., EXR., *v.* MCBRIDE ET AL.

[Cite as Cleveland Trust Co. v. McBride (1971), 27 Ohio Misc. 23.]

(No. 762900—Decided January 20, 1971.)

Probate Division, Common Pleas Court of Cuyahoga County.

*Mr. Warren E. Fleischner,* for plaintiff.

*Mr. Joel M. Garver,* for trustee for suit for unborn children, and for the guardian ad litem.

ANDREWS, Chief Referee. Plaintiff executor filed a complaint for construction of the will of Dorothy C. Frolking, who died on February 22, 1969. The will was executed on February 16, 1962.

There was no surviving spouse, but Mrs. Frolking left two surviving children, Mrs. Elizabeth F. McBride and

Peter H. Frolking. Peter Frolking is unmarried, but Mrs. McBride has two minor children, Heather, born October 25, 1960, and Holly, born April 11, 1962.

The first paragraph of Item III of Mrs. Frolking's will reads as follows:

"I give and bequeath to my granddaughter, Heater (*sic.*) Cate McBride, and to each of any other children that may hereafter be born to her, or to my son, Peter H. Frolking, the sum of Ten Thousand Dollars ($10,000.00) payable either in cash or in securities of that value, to be theirs absolutely."

Concededly the word "Heater" in the above-quoted passage is a misprint, and the testatrix was referring to her granddaughter, Heather.

However, plaintiff correctly states that the provision creates a patent ambiguity in that the apparent intent of the testatrix to benefit any grandchildren who might be living at her death is not in harmony with the language used, and plaintiff asks the court to construe the paragraph.

From a purely grammatical point of view, the word "her" in the above quotation relates to Heather McBride. Overlooking the mistaken designation of Heather as "Heater," the sentence may be parsed as follows:

"I give and bequeath to my granddaughter, Heather Cate McBride, and to each of any other children that may hereafter be born to my granddaughter, Heather Cate McBride, or to my son. * * *"

Obviously, this implies that when the will was executed, Heather already had a child. But at that time, Heather was only a few months over one year of age, and, of course, had no child. Moreover, and even more ridiculous, parsing the sentence grammatically would result in Heather's being her own child.

It becomes apparent, then, that a literal reading of the clause in question makes no sense. The language of the Supreme Court of Ohio in an early case applies perfectly to this situation. Said the court:

"The terms of a will are not, of necessity, to be construed technically and with a strict reference to grammatical accuracy; but they are to be viewed sensibly and

liberally, in order to give effect to the testator's intentions. Of all the instruments that need the benefit of a liberal construction—a construction that prefers substance to mere form—wills need it the most." *Thompson* v. *Thompson* (1854), 4 Ohio St. 333, 351.

To the same effect, see *Brasher* v. *Marsh* (1864), 15 Ohio St. 103, 109; *Fifth-Third Union Trust Co.* v. *Athenaeum of Ohio* (Prob. Ct. 1959), 12 O. O. 2d 188, 197, 169 N. E. 2d 707, 718; 4 Bowe-Parker, Page on Wills, Sec. 30.24, p. 153 (1961).

Construing the will "sensibly and liberally," we have no trouble in reaching the result intended by the testatrix.

Item II of the will leaves household goods, clothing, and other articles of tangible chattel property to Mrs. Frolking's daughter, Elizabeth F. McBride, and to Mrs. Frolking's son, Peter H. McBride, to be divided equally between them.

It is evident that the "her" in Item III refers to Mrs. McBride, whose child, Heather, specifically designated as a beneficiary in Item III, was Mrs. Frolking's granddaughter when the will was executed. Substituting the words "my daughter, Elizabeth F. McBride" for the word "her" in Item III gives us the following:

"I give and bequeath to my granddaughter, Heather Cate McBride, and to each of any other children that may hereafter be born to my daughter Elizabeth F. McBride, or to my son, Peter H. Frolking. * * *"

This is a sensible—in fact the only sensible—interpretation of Item III.

Holly E. McBride was born after the execution of the will and comes within the language "each of any other children that may hereafter be born to her," namely, to Elizabeth F. McBride.

*Conclusion of Law*

As a result of my interpretation of Item III of the will, each of the following granddaughters of the testatrix is entitled to the sum of ten thousand dollars ($10,000.00), payable either in cash or in securities of that value, each to have the absolute ownership thereof:

Heather Cate McBride
Holly E. McBride