OPINION
This is an appeal by Donnie Gene Collins as one of the two defendants in a will construction action filed by the same Donnie Gene Collins in his capacity as executor of the estate of Irene Collins, his mother. The only other defendant is John C. Swank, son of JoAnn Roberts, aka JoAnn Swank, who was the appellant's sister and the only other child of Irene Collins. In the interest of clarity, the family members will hereinafter be identified by their first names.
JoAnn predeceased her mother Irene and left no surviving spouse. Donnie, as the duly appointed executor of his mother's estate, filed this will construction action because of an apparent conflict between the two paragraphs of Item IV, the last item in Irene's Will, to-wit:
 In the event my said husband fails to survive me by sixty (60) days, I give, devise and bequeath my entire estate, both real and personal, of whatsoever kind and nature and wheresoever situate which I may own or have the right to dispose of at the time of my decease to our two children, namely, DONNIE GENE COLLINS and JO ANN SWANK, share and share alike, or to the survivor of them.
 In the event that either of my said children should fail to survive me, I bequeath that their children receive the share they would have received if living, share and share alike.
The issue raised before the Probate Court was whether Donnie is to receive the entire residue of the estate, pursuant to the first paragraph of Item IV, or should John receive his mother's 1/2 share pursuant to the second paragraph of Item IV. Donnie, as executor, did not file a brief on appeal. Furthermore, John, who was duly served, not only did not file a brief on appeal, but he also never entered an appearance in the case and did not participate in the hearing held by the Probate Court on the matter. At the hearing held November 17, 1998, Donnie appeared with his counsel, who is also his counsel on appeal, and briefly testified, informing the Probate Court that John was presently residing with Donnie in Dayton and was aware of the date of the hearing. Donnie's counsel informed the court that the Will in question had been prepared by an attorney, one John T. Shanks, who is now retired and apparently now residing in Florida, but they were unable to contact him even though they attempted to. Thus, Donnie did not offer any extrinsic evidence about the intent of the testator. Most of the hearing was taken up by the presentation of Donnie's legal arguments through his counsel.
On January 5, 1999, the Probate Court filed a one-sentence decision and entry which simply stated: ". . . and the Court being fully advised in the premises hereby finds that the effect of the will in this matter should be that the estate should be divided one-half between Donnie Gene Collins and one-half to John C. Swank." Docket 5., Appellant Donnie presents this court with the following sole assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DIVIDED THE DECEDENT'S ESTATE BETWEEN COLLINS AND SWANK SINCE THE TRIAL COURT FAILED TO GIVE FORCE AND EFFECT TO EVERY WORD CONTAINED IN THE WILL AND FAILED TO DETERMINE THE DISTRIBUTION OF THIS ESTATE SOLELY FROM THE WORDS EMPLOYED WITHIN THE FOUR CORNERS OF THE WILL.
Although the Probate Court provides no rationale for its conclusionary decision, the issue is a question of law and is, therefore, subject to independent appellate review. In Re: Estateof Davis (1996), 109 Ohio App.3d 181, 671 N.E.2d 1302, discretionary appeal not allowed (1996), 76 Ohio St.3d 1424,667 N.E.2d 26. Furthermore, the principles which guide all courts, at least in Ohio, in construing Wills are well known and well accepted. The court's sole purpose is to ascertain and carry out the intention of the testator. Townsend's Ex'rs v. Townsend etal. (1874), 25 Ohio St. 477, 487. Such intention must be ascertained from the words used in the Will and, if the words are technical, they must be taken in a technical sense, but if not technical, then in their ordinary sense, and all the parts of the Will must be construed together and effect, if possible, must be given to every word contained in the Will. Id., 487-488.
The appellant argues, first, that the Probate Court failed to give effect to the word "survivor" in the first paragraph of Item IV of the Will because that word as used therein vested an absolute gift of Irene's entire estate to Donnie, who is the survivor of her two children. Thus, if Donnie is to take the entire estate, there would be nothing left for any issue of any deceased child to inherit pursuant to the second paragraph of Item IV. If the Will is so construed, however, it will be to ignore the entire second paragraph and, in effect, delete it from the Will, which, of course, we are reluctant to do.
Donnie argues, second, that the wording of the second paragraph is a "scrivener's error" and can and should be reformed by inserting the word "both" in place of "either" in the second paragraph of Item IV. Of course, such a construction would require that the singular "fails" must be redrafted to read "fail." This approach would seem to do some violence to the text of the paragraph, and we find nothing in the Will which supports such a reformation.
Finally, Donnie relies on a sometimes expressed rule of construction that the law favors the first taker and, therefore, an absolute gift in a Will cannot be cut down by subsequent inconsistent language of doubtful or ambiguous significance, citing 80 American Jurisprudence 2d (1975) 545 Wills, Section 1477. In reviewing that section, we note that no Ohio cases are cited in support of that rule of construction, whereas a countervailing rule of construction, to-wit: that where reconciliation of two inconsistent provisions in a Will is impossible, the later of the two provisions must prevail is supported consistently by Ohio case law. See 31 Ohio Jurisprudence 3d (1997) 425, Decedent's Estates, Section 463, footnote 53. In fact, as early as 1828, the Supreme Court of Ohio recognized this maxim and stated: "If the two bequests be absolutely repugnant, the later must prevail." Young v. SurvivingExecutors of McIntyre (1828), 3 Ohio 499, 502; see also Coonrod v.Coonrod, et al. (1833), 6 Ohio 115, 117; Parker et al. v. Parker'sAdm'r. (1861), 13 Ohio St. 95, 105; Baxter v. Bowyer, et al.
(1869), 19 Ohio St. 490 (where the Supreme Court of Ohio expressly rejected the argument of first taker made by the appellant here);Johnson et al. v. Johnson (1894), 51 Ohio St. 446; Robbins v.Smith (1905), 72 Ohio St. 1, 16-17. See also Beight v. Organ etal. (1917), 6 Ohio App. 281, 284, where the Court of Appeals from Mahoning County stated: "It must be observed, however, that to determine the meaning of a Will it must be read and considered altogether, and the later language, if different from that which precedes, must prevail." In the Will before us, the later language referring to the issue of deceased children must prevail over the appellant's proposed interpretation of the word "survivor" in the first paragraph of Item IV. To so read the Will does not do violence to it, but, in fact, would accurately carry out the testator's intention because where she used the word "survivor" she was referring only to her two existing children without consideration of their issue, while in the succeeding paragraph, she, the testator, explicitly dealt with the situation where if either one or both of the children did not survive her but left issue.
In so reading the Will to give effect to the second paragraph of Item IV as well as its first, we will have succeeded in giving effect to every provision of the Will and reconciling an apparent inconsistency, as we are admonished to do. In Re: Estate of Line
(1997), 122 Ohio App.3d 387, 390.
The cases cited by Donnie in his brief do not buttress his argument. In Hamilton v. Pettifor (1955), 101 Ohio App. 213, 1 O.O.2d 149, the court was dealing with a Will which mentioned "survivors" but contained no mention of issue of deceased survivors taking their share. In Ufferman v. Fry (1938), 32 Ohio Law Abs. 681, the Delaware County Common Pleas Court read "and" to mean "or" in order to give effect to the natural objects of the bounty of the testator. In the New York case of Matter of Nager
(1965), 45 Misc.2d 1050, the court merely recognized the obvious intent of the testator's estate plan and properly construed the Will to avoid an intestacy. Finally, in Cleveland Trust Co. v.McBride (1971), 55 O.O.2d 374, the Common Pleas Court of Cuyahoga County corrected a mistake by construing "her" as referring to a daughter instead of a granddaughter because the literal reading made no sense, and the court's construction of the clause was recognized by the court as "the only sensible interpretation,"Id., 376. The will before us, however, presents no clear estate plan which would preclude John, as the sole surviving issue of JoAnn, from legitimately inheriting his mother's share of the estate.
Finally, Donnie cited two additional cases in oral argument, to-wit: Stophlet v. Stophlet (1926), 22 Ohio App. 327, 4 Ohio Law Abs. 644, 153 N.E. 867; and one from this court, Corry, Exr. v.Central Methodist Church of Springfield, et al. (1950), 61 Ohio Law Abs. 295. Neither case supports his position. Stophlet,supra, rejects a limitation over a fee simple after the death of the beneficiary of the fee simple, which is a condition not present in the case before us. In Corry, supra, both beneficiaries survived the testator, and the court correctly held that the beneficiary who died after the testator died inherited a one-half interest in the testator's property, which, again, is not the issue before us here.
Thus, for the reasons stated above, we find that the decision of the Probate Court below was correct.
The assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
John Swank
Perry J. Pelaez
Hon. George J. Gounaris