CORRY, Exr., Plaintiff-Appellee, v. CENTRAL METHODIST CHURCH OF SPRINGFIELD, Defendant-Appellee, COVENANT PRESBYTERIAN CHURCH OF SPRINGFIELD, Defendant-Appellee, MEILING, Extrx., Defendant-Appellant, MEILING, as an individual, Defendant-Appellant.

Ohio Appeals, Second District, Clark County.

No. 475. Decided November 4, 1950.

Corry, Durfey, Martin & Browne, Springfield, for plaintiff-appellee.

Robert S. Ohlinger, Springfield, for Central Methodist Church, defendant-appellee.

E. F. McKee, Springfield, for Covenant Presbyterian Church, defendant-appellee.

Cole & Cole, Springfield, for May E. Meiling and May E. Meiling, Executrix, etc., defendant-appellant.

## OPINION

By THE COURT.

This is an appeal from the judgment of the Probate Court construing the will of Emma Kizer, deceased. The items of the will under consideration are the following:

**ITEM ELEVEN**: I hereby give and devise to my nieces, Nellie J. Kiser and E. May Meiling or the survivor of them, my real estate, located at No. 206 West Columbia Street, being part of Lot No. 109 Demint's Addition to the City of Springfield, Ohio, to be theirs in equal shares, absolutely and in fee simple.

**ITEM TWELVE**: I hereby give and devise to my nieces, Nellie J. Kizer and E. May Meiling or the survivor of them, my real estate, located at No. 23 East Main Street and being known as part of Lot No. 59 Demint's Addition to the City of Springfield, Ohio, in equal shares, absolutely and in fee simple.

**ITEM THIRTEEN**: I hereby give, bequeath and devise all the rest and residue of my property, real and personal, of every kind and description which I may own and have the right to dispose of at the time of my decease, to my nieces, Nellie J. Kizer and E. May Meiling, or to the survivor of them, in equal shares, absolutely and in fee simple.

**ITEM FOURTEEN**: In the event that either of my nieces, Nellie J. Kizer and E. May Meiling, shall predecease me, then in such event, it is my will that the said niece so surviving shall, after payment of my debts, legacies and costs of administration, have the entire part of my estate, absolutely and in fee simple.

The record discloses that both of the aforesaid beneficiaries survived the testatrix, but that Nellie J. Kizer, one of the beneficiaries, is now deceased. The question presented

is whether she took an estate in fee simple or a life estate only with the remainder to the survivor. The trial court held that each of the devisees and legatees became vested of the one-half interest of the real estate described therein in fee simple upon the death of Emma Kizer; that upon the death of Nellie J. Kizer her one-half interest became subject to distribution in accordance with her last will and testament. We are of the opinion that the judgment of the court correctly interprets the true intention of the testatrix as expressed in the will. The law seems to be well settled that the court will construe all devises and bequests as vesting in the devisee or legatee upon the death of the testator unless the intention to postpone such vesting to some future time is clearly expressed therein. **41 O. Jur., Section 614, p. 727.** We find no such intention clearly expressed in the will of Emma Kizer.

In the case of **Renner v. Williams, 71 Oh St 340,** at **page 357** the Court says:

"In England from an early period to the present time and quite generally in the United States, a prevailing rule of construction has been that when the word "survivor" occurs in a will, the survivorship is understood to relate to the time when the will shall take effect, that is, the time of the testator's death, unless a contrary intent is shown in the will. This is not an arbitrary rule, as counsel for the defendant seem to think. It is based upon clear and satisfactory reasoning. Unless it fairly appears from the will that he does not do so, the testator must be presumed to be contemplating and providing for the devolution of his property at the time of his death. Therefore when a testator devises or bequeaths to two or more jointly, it is understood that the devise or legacy takes effect immediately upon his death, when the estate vests in the devisee, or at the period of payment or distribution, as the case may be. If the will clearly discloses a different intention as to the time when devises shall vest or legacies be payable, such intention will of course control in the interpretation of the will. It seems conclusively to follow that when a testator provides merely that in case of the death of one or more of the devisees or legatees, the survivor or survivors shall take the provision made in the will, he refers to a survivorship which shall exist at the time a devise of real estate may vest or when a legacy may be payable."

We are not unmindful of the rule that if consistent each and all of the provisions of a will are to be given full force and effect, but in case of ambiguity or uncertainty the entire

will should be considered. Under the rule of law pronounced in the Renner case, supra, it seems clear that Items Eleven, Twelve and Thirteen of the will relate to the time of the death of the testatrix. Item Fourteen says the same in express terms. Therefore this item must be interpreted as further explaining the intention of the testatrix. See also, Parkhurst v. Jonesberg, et al., 48 N. E. (2d), 538.

Finding no error in the record, the judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.