CARNAHAN, Trustee, Appellant,

v.

JOHNSON et al., Appellants; YOUNG et al., Appellants.

[Cite as *Carnahan v. Johnson* (1998), 127 Ohio App.3d 195.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

Nos. CA97–09–041 and CA97–09–043.

Decided April 6, 1998.

*Arter & Hadden* and *Robert R. Dunn,* for plaintiff-appellant.

*Whiteside & Whiteside* and *Alba L. Whiteside; John T. Belton,* for defendants-appellants.

*Richard A. Dunkle,* for defendants-appellants.

WILLIAM W. YOUNG, Presiding Judge.

Plaintiff-appellant, John A. Carnahan, trustee under a trust created by the will of Edward T. Leach, commenced this action on October 1, 1996 by filing a petition to sell real estate and for declaratory relief in the Madison County Probate Court. We reverse and remand the court's judgment denying the prayer of the petition.

The decedent, Edward T. Leach, died on March 10, 1984. The terms of Leach's will pertinent herein are the following:

"I give and devise my 142 acre tract at 801 Alton Road in Prairie Township, Franklin County, Ohio, to Robert Richards, as Trustee and to his Successor Trustees hereinafter named, for the equal benefit of my two grand-daughters, Melanie [*sic*] R. Young and Sandra E. Patton, or to their children, per stirpes, in the event of their death; or to the survivor of my grand-daughters if either should die without children prior to the termination of this Trust.

"Said Trust shall continue for a period of thirty (30) years upon the following terms and conditions:

"The Trustee shall encourage and may assist the beneficiaries of this Trust to develop said land into cemetery lots as an extension of the adjoining Sunset Cemetery.

"If and when any cemetery lots in said 142 acre tract are sold the net proceeds shall be paid by the Trustee at least quarterly to the said beneficiaries.

"While said tract remains as farm land the Trustee shall rent or crop-share the same and the net proceeds divided at least annually to said beneficiaries.

"At the end of said thirty years this Trust shall terminate and the said land and/or the remaining unsold cemetery lots and undistributed net funds shall be conveyed and delivered to said beneficiaries."

Named as defendants in the petition were Melonie R. Johnson (f.n.a. Young) and Sandra E. Patton, granddaughters of the decedent and primary beneficiaries

of the trust. Additional defendant-contingent beneficiaries are the children of Melonie and Sandra, Jennifer T. Young, a minor, David T. Young, a minor, Robert A. Patton, John P. Patton, William M. Patton, and Katherine E. Patton. A guardian *ad litem* was appointed for the two minor contingent beneficiaries, who filed an answer opposing approval of the sale. The adult primary and contingent beneficiaries filed a joint response to the petition, concurring in the prayer in the petition and requesting the probate court to grant the petition to sell the real estate.

The real estate involved in the trust is a one-hundred-forty-two-acre tract of land adjacent to the Sunset Cemetery in Franklin County, Ohio. In 1983, the one hundred forty-two acres were owned by Edward Leach, who also owned an approximate one-third interest in Sunset Cemetery. The other two-thirds interest in Sunset Cemetery were owned by Leach's son-in-law, John Erwin, who had inherited his interest in the cemetery from his wife, Elizabeth Erwin, who died in 1982. The Erwins had two daughters, Melonie Johnson and Sandra Patton. Pursuant to Leach's last will and testament, his granddaughters, Melonie and Sandra, were to inherit all of his one-third interest in Sunset Cemetery. Also included in the will was the trust consisting of the one hundred forty-two acres. After Leach died in 1984, his will was duly admitted to probate, and Leach's interest in Sunset Cemetery was transferred to Melonie and Sandra, who sold this interest to their father, John. The one hundred forty-two acres in the trust were transferred to the trustee, Robert R. Richards, who administered the trust until his death, when John A. Carnahan became the successor trustee pursuant to the will.

Subsequently, John Erwin died, leaving all his interest in Sunset Cemetery [1] to his daughters, Melonie and Sandra. However, it was necessary for the estate to sell the shares of Sunset Cemetery to pay federal and state estate taxes. The shares of Sunset Cemetery were sold to SCI Ohio Funeral Services, Inc. SCI is also interested in purchasing the one hundred forty-two acres held in trust and entered into a contract, subject to probate court approval, to purchase the one hundred forty-two acres for $900,000. It is on this contract for sale that the trustee filed the instant petition to sell the real estate.

A trial was held on May 8, 1997, wherein the trustee and the beneficiaries joined in presenting testimony and evidence. On July 31, 1997, the probate court entered a decision denying the request for authority to sell the property held in trust. On August 29, 1997, the adult beneficiaries and contingent beneficiaries

---

1. Sunset Cemetery was operated by a subchapter S corporation, Sunset Trust Estate, and it is the shares of that subchapter S corporation which were the subject of inheritance from John Erwin's estate.

filed a notice of appeal, which is docketed as case No. CA97–09–041. Subsequently, trustee, John A. Carnahan, also filed a notice of appeal, which is docketed as case No. CA97–09–043. On October 2, 1997, this court ordered the cases to be consolidated for purposes of appeal. The primary and contingent beneficiaries and the trustee ("appellants") filed a joint brief appealing the trial court's decision. Eight assignments of error were set forth in this joint brief. Inasmuch as all of the assignments of error are interrelated, they will be addressed concurrently in this opinion.

Before addressing the assignments of error, we note that our proper standard for review is *de novo*. The interpretation of wills, including the intent of the testator when determining a testamentary trust, is a question of law, and therefore is subject to independent review. *In re Estate of Davis* (1996), 109 Ohio App.3d 181, 183, 671 N.E.2d 1302, 1303.

Assignment of Error No. 1:

"The probate court erred in effect holding that even under the changed circumstances (sale of Sunset Cemetery to SCI, and it being improbable that the 142-acre tract can now be developed into cemetery lots) sale of the entire tract to the new owner of Sunset Cemetery is so contrary to the express intent of the testator Edward T. Leach that sale of the tract to SCI should not be permitted pursuant to R.C. 5303.21."

Assignment of Error No. 2:

"The probate court erred holding that it was the express intent of the testator, Edward T. Leach, that the 142-acre tract be held for thirty years even if it became impossible for the trustee and named beneficiaries to sell it piecemeal as cemetery lots as an extension of Sunset Cemetery during such period."

Assignment of Error No. 3:

"The probate court erred in ignoring and failing to give effect to the words 'as an extension of the adjoining Sunset Cemetery' in construing the meaning of will provision for development of the 142-acre tract into cemetery lots."

Assignment of Error No. 4:

"The probate court erred in effect holding that changed circumstances do not render it impossible for the trustee and named beneficiaries to sell the 142-acre tract piecemeal as cemetery lots as an extension of Sunset Cemetery."

Assignment of Error No. 5:

"The probate court erred in finding that 'the petition herein is a bare attempt to acquire presently the assets of the trust which must continue according to the instructions of the decedent' and denying the requested sale for that reason since

the requested sale could not have that effect but would instead merely substitute the sale proceeds for the 142-acre tract as income-producing property."

Assignment of Error No. 6:

"The probate court order denying the petition to sell real estate is contrary to law."

Assignment of Error No. 7:

"The probate court order denying the petition to sell real estate is contrary to the manifest weight of the evidence."

Assignment of Error No. 8:

"The probate court, to the extent it had discretion in denying the petition for sale of the subject 142-acre tract to SCI, the present owner of Sunset Cemetery, especially since, as expressly found by the probate court: '(1) approximately fifty acres of the one-hundred-forty-two-acre tract is all that can be profitably farmed, (2) the successor trustee had entered into a contract to sell the one-hundred-forty-two-acre tract for approximately nine hundred thousand dollars subject to probate court's approval, (3) the appraised value of the one-hundred-forty-two-acre tract is approximately one hundred eighty-six thousand dollars, and (5) it is improbabl[e] that the one-hundred-forty-two-acre tract can, under the circumstances which currently exist, be developed into cemetery lots.' "

It is well settled that a fundamental tenet for the construction of a trust is to ascertain, within the bounds of the law, the intent of the settlor. *Daloia v. Franciscan Health Sys.* (1997), 79 Ohio St.3d 98, 103, 679 N.E.2d 1084, 1089–1090, following *Domo v. McCarthy* (1993), 66 Ohio St.3d 312, 612 N.E.2d 706. "Generally, when the language of the instrument is not ambiguous, intent can be ascertained from the express terms of the trust itself." *Id.* Accordingly, this court must first determine whether the testator's intent is clear and unambiguous from the four corners of the will. *Carr v. Stradley* (1977), 52 Ohio St.2d 220, 6 O.O.3d 469, 371 N.E.2d 540.

Appellants argue that the sale of the one hundred forty-two acres is permitted by R.C. 5303.21, which provides in part:

"[I]n an action by the trustee or beneficiaries, if the estate is held in trust, courts of common pleas may * * * authorize the sale of any estate, whether it was created by will * * * when satisfied that such sale would be for the benefit of the person holding the first and present estate, interest or use, and do no substantial injury to the heirs in tail, or others in expectancy."

A trust may be ordered terminated if all beneficiaries consent to its termination, and if the trust instrument does not by express terms or by

implication prohibit its termination. *In re Trust of Grant* (Sept. 26, 1984), Stark App. No. CA–6122, unreported. Furthermore, a trust should be terminated if all beneficiaries consent to its termination *unless* such termination would defeat a material purpose of the trust. *Id.*

■ "Although the interests created by will under a trust have all vested and all the parties interested request that the trust be terminated, and the trustee consents, the termination will not be decreed if none of the provisions [is] repugnant to law or contrary to public policy, and the objects and purposes of the trust have not been accomplished, and their accomplishment has not been made impossible." *Robbins v. Smith* (1905), 72 Ohio St. 1, 19, 73 N.E. 1051, 1055.

■ A careful reading of the trust instrument leads this court to find that Edward Leach's intent was to provide for the primary beneficiaries, Melonie and Sandra. While Leach may have preferred that the one hundred forty-two acres be developed as cemetery lots as an extension of Sunset Cemetery, the language of the trust does not mandate that cemetery lots be the only possible use of the one hundred forty-two acres.[2] Leach left one hundred forty-two acres in trust and directed the trustee to "encourage" and "assist" the primary beneficiaries to develop the land into cemetery lots as an extension of the adjacent family-owned cemetery. When "words of recommendation must be followed to carry out the clear intention of the settlor, such words are regarded as words of command or direction." *Lloyd v. McDiarmid* (C.P.1937), 24 Ohio Law Abs. 556, 9 O.O. 279. The words, "encourage" and "assist" mean to help or aid. Accordingly, we do not find that the words "encourage" and "assist" are words of recommendation which must be followed as if they are a command or direction.

Furthermore, it is clear from the words of the trust that Leach intended that the primary beneficiaries benefit from the sale of the property. "If and when any cemetery lots in said 142 acre tract are sold the net proceeds shall be paid by the Trustee at least quarterly to the said beneficiaries." Accordingly, we find that the material purpose of the trust was to provide for the primary beneficiaries.

■ Appellants further argue that the doctrine of deviation applies because due to changed circumstances they no longer own Sunset Cemetery and therefore the trust purpose is impossible to accomplish. Under the doctrine of deviation, a court can "direct or permit a deviation from the terms of the trust where compliance is impossible or illegal, or where owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially

---

2. The trust, for example, identifies the alternative to the sale of cemetery lots as being utilization of the land for farming and distributing the farm revenues to the beneficiaries.

impair the accomplishment of the purposes of the trust." *Daloia v. Franciscan Health Sys.* (1997), 79 Ohio St.3d 98, 106, 679 N.E.2d 1084, 1091–1092.

Appellants argue that compliance with the trust purpose is now impossible and, therefore, the trust should be terminated. The probate court disagreed as to whether the purpose of the trust was now impossible, finding that "there is no evidence that the primary beneficiaries have attempted to use the land as security for obtaining the necessary endowment fund, nor evidence of any other attempt to determine the feasibility of fulfilling decedent's wishes. Without such evidence the court cannot find that all possible avenues have been explored, and therefore that sale as cemetery lots is, in fact, impossible."

However, pursuant to our discussion that the material purpose of the trust is to provide for the primary beneficiaries, even if a purpose of the trust was to develop the land into cemetery lots as an extension of Sunset Cemetery, this purpose is now impossible. Sunset Cemetery has been sold to SCI. The primary beneficiaries no longer have any control over the expansion of Sunset Cemetery. We find that it is impossible for the primary beneficiaries to "develop said land into cemetery lots as an extension of the adjoining Sunset Cemetery."

Accordingly, we find that the probate court erred in not granting the petition to sell real estate, as the material purpose of the trust was to provide for the primary beneficiaries and the suggested purpose to develop the real estate into cemetery lots is now impossible. However, where "real property, which is held in trust, is sold under court order pursuant to a petition for sale in accordance with R.C. 5303.21, the disentailment statute, the sale results in a mere substitution of assets; hence, the proceeds of the sale must be held by the trustee, just as the land was originally held, with the income payable to the beneficiaries in the same manner or order as the income from the land, in accordance with the distribution set forth in the trust instrument." *Gillam v. Gillam* (1979), 66 Ohio App.2d 55, 20 O.O.3d 128, 419 N.E.2d 1121.

Accordingly, while the petition to sell real estate is granted, the proceeds from the sale of the land must be held in trust and distributed according to the terms of the trust. Appellants' assignments of error are well taken.

*Judgment reversed
and cause remanded.*

KOEHLER and WALSH, JJ., concur.