DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Robert Moss, trustee of the Elizabeth Price Testamentary Trust, has appealed from an order of the Summit County Probate Court allowing the beneficiaries to terminate the trust and distribute the trust corpus according to an agreement between them. This Court reverses.
 I.
Jo Ann Brown and James Price are the surviving children of Elizabeth M. Price, who died March 28, 1979. Upon her death, the residue of her estate was placed in a trust (the Price Trust) established by her will.
The Price Trust provides that Ms. Brown and Mr. Price are to each receive one-half the net income quarterly and $5,000.00 of the principal a year, also payable in quarterly installments. The Price Trust further provides that upon the death of either Ms. Brown or Mr. Price, one-half of the trust's corpus shall be distributed to The Barberton Citizens' Hospital n/k/a The Tuscora Park Health and Wellness Foundation (the Hospital). Upon the death of the surviving child, the remaining half of the trust's corpus shall be distributed to the First Presbyterian Church of Barberton (the Church).
On September 19, 1997, all the beneficiaries, namely Ms. Brown, Mr. Price, the Hospital and the Church, signed an agreement in which all agreed to terminate the Price Trust and distribute such in four equal shares. When presented with the agreement, the Price Trust's trustee, Mr. Moss, refused to terminate the trust.
Thereafter, on February 5, 1998, together, all the beneficiaries filed a Declaratory Judgment action in the Summit County Probate Court seeking to have the Price Trust terminated and distributed in accordance with their agreement. After a hearing on the matter, the probate court entered judgment in favor of the beneficiaries and ordered that the Price Trust be terminated. The trustee has appealed raising three assignments of error.
Assignment of Error One
 It is error of the Summit County Probate Court to terminate the [Price Trust] when the purpose of such trust has yet to be fulfilled.
Assignment of Error Two
 The judgment of the Summit County Probate Court is contrary to the express terms of the Price Trust and defeats the clear intent of the testatrix as expressed therein.
Assignment of Error Three
 It is error of the Summit County Probate Court to declare the purpose of the trust accomplished when the Trustee has discretion over the payment of the Trust principal.
All three assignments of error are interrelated and will be addressed together.
 II.
For almost a century, it has been established that an Ohio court may decree a trust terminated if the paramount purposes of the trust are accomplished, all the parties who are or may have an interest in the trust are in existence, are sui juris, and consent to the termination of the trust. Robbins v. Smith (1905), 72 Ohio St. 1,19. Simply stated, in order to terminate a trust, the following four elements must be met: (1) the beneficiary class is closed; (2) all the beneficiaries have full legal capacity to and in fact do consent to termination; (3) the trust instrument does not prohibit its termination, either expressly or impliedly; and (4) all material purposes of the trust have been accomplished.Carnahan v. Johnson (1998), 127 Ohio App.3d 195, 200-01. Likewise, in Morgan v. First Natl. Bank of Cincinnati (1948),84 Ohio App. 345, 352, the First District Court of Appeals observed:
 If a trust is created for successive beneficiaries, in the absence of circumstances indicating a further purpose, the inference is that the only purpose of the trust is to give the beneficial interest in the trust property to one beneficiary for a designated period and to preserve the principal for the other beneficiary, and if each of the beneficiaries is under no incapacity, and both of them consent to the termination of the trust, they can compel the termination of the trust.
Id. (emphasis added). Thus, if a trust with successive, but ascertained beneficiaries remains active and all the beneficiaries join in a request for its early termination, a court must refuse to end the trust if its material purposes are not achieved.Carnahan, 127 Ohio App.3d at 200-01. See, also, Robbins,72 Ohio St. at 19 (holding although all the interests under a trust are vested, all the beneficiaries consent and the trustee does not object, a trust cannot be terminated if a material purpose remains unaccomplished); 91 Ohio Jurisprudence 3d (1989), Trusts, Section 161.
In this case, assuming without deciding that the beneficiary class is closed, that all beneficiaries had legal capacity and did in fact consent to the trust's termination and that the trust does not otherwise prohibit its termination, this Court must, nevertheless, reverse the probate court because the material purposes of the Price Trust have not been accomplished.
The interpretation of wills is a question of law, and thus when determining intent and interpreting the terms of a testamentary trust, courts apply a de novo standard of review.Summers v. Summers (1997), 121 Ohio App.3d 263, 267, citingMcCulloch v. Yost (1947), 148 Ohio St. 675, 677. The well-settled rules for determination of intent of a testatrix of a testamentary trust are set forth in Ohio Natl. Bank v. Adair
(1978), 54 Ohio St.2d 26, 30, which states as follows:
 1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.
 2. Such intention must be ascertained from the words contained in the will.
 3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appears from the context that they were used by the testator in some secondary sense.
 4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it.
Id., quoting Townsend's Executors v. Townsend (1874), 25 Ohio St. 477, paragraphs one through four of the syllabus.
The Price Trust reads in pertinent part:
 So long as my children live, my Trustee shall pay over to each of them one-half the net income after taxes and expenses derived from said Trust, the same to be paid in quarterly installments to said beneficiaries; and my Trustee shall further pay to each of my children out of the principal of said Trust estate the sum of Five Thousand Dollars ($5,000.00) annually to each, again payable in quarterly installments.
 Additionally, if in the discretion of my Trustee, and in the event of an emergency, it should be necessary to further invade the principal of the Trust estate for the health, comfort, or welfare of either of my said children, the
 Trustee in his sole discretion is authorized to so use further amounts of principal for such purposes. Any such use by the Trustee for emergency purposes, such as long and expensive illness or other disaster, shall not be chargeable to that child's half share of the Trust, but rather shall be deducted from the Trust estate, and thereafter the income and principal continue to be distributed as hereinabove set forth.
 Upon the death of the first of my children to pass away [sic], half of the Trust estate corpus shall be paid to
 Barberton Citizens Hospital and the Trust terminated as to such deceased child. The other half of the corpus shall remain for the use and benefit of the remaining child, payable quarterly as hereinabove set forth, and upon the death of that remaining child, the Trust shall terminate and the balance in it shall be paid in full to the First Presbyterian Church of Barberton, Ohio.
Such language not only indicates an intent to provide a steady income to Ms. Brown and Mr. Price during their lifetime with the remainder going to the Hospital and Church, but also an intent to bestow upon the trustee the discretion to distribute principal to Mrs. Price's children during their lifetime in the event of an "emergency." The trustee's discretion is thus limited by a standard, i.e. that which he might consider an emergency. InBureau of Support v. Kreitzer (1968), 16 Ohio St.2d 147, 150, the Ohio Supreme Court characterized such a trust, one that was neither a purely discretionary trust, nor a strict support trust, as "equivocal." This does not, however, in any way diminish Mrs. Price's power to dispose of her property under the law of trusts, or enable a court to simply disregard her intent.
After a careful reading of the will, this Court concludes that, as a matter of law, the Price Trust's purpose, i.e. Mrs. Price's intent, was threefold. First, as the court below found, while her two adopted children were alive, the trust was intended to provide steady and continuous income for them. Second, it was to provide for them, in case of a health or other emergency, a perpetual financial safety net. Third, the trust was, upon the death of each child, to provide the Hospital and Church a charitable gift. If this Court were to allow the beneficiaries, both present and future, to terminate the trust early, the trust's second purpose would be defeated. The probate court's early termination of the emergency financial safety net is wholly opposite the perpetual nature and one of the material purposes of the Price Trust. The probate court, therefore, erred in terminating the Price Trust.
 III.
The probate court erred by terminating the Price Trust when the trust's material purposes had not been accomplished. The judgment of the probate court is reversed.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
BETH WHITMORE FOR THE COURT CARR, P.J.
BATCHELDER, J.
CONCUR