**In re ESTATE OF DAVIS.**

[Cite as *In re Estate of Davis* (1996), 109 Ohio App.3d 181.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA95–06–040.

Decided Feb. 5, 1996.

*Phillips & Carson* and *Dennis M. Carson,* for appellant Edith H. Davis.

*Kathleen Mezher & Associates, Kathleen D. Mezher* and *Colleen B. Laux,* for appellee Virginia Lemon.

POWELL, Judge.

Plaintiff-appellant, Edith H. Davis, appeals a judgment of the Clermont County Court of Common Pleas, Probate Division.

On May 20, 1987, Charles E. Davis ("decedent"), as settlor, and the Fifth Third Bank, as trustee, executed a trust. The trust contained the following paragraph reserving revocation rights to decedent:

"2.1   I reserve the right, which I may exercise at any time during my life, to revoke this Declaration of Trust or, from time to time, to amend its terms, including the right to change the Trustees."

Section three of the trust directs the trustee to distribute, upon decedent's death, specific amounts of money to a local organization and a charity and the residue to his wife, appellant. The trust provides that, if appellant predeceases decedent, the residue should pass to five of decedent's nieces and nephews.

On November 18, 1991, decedent and appellant separated, and appellant left the marital residence.

On April 16, 1992, decedent executed a will. The will directs the executor of decedent's estate to distribute, upon his death, greater amounts of money to the local organization and the charity than the trust had prescribed. The will also specifically addresses the trust in the residuary clause:

"*Item V.* All the rest, residue and remainder of my property * * *, which I may own or have the right to dispose of at the time of my decease, including the principal and undistributed income contained in [the] Trust * * * [shall] be divided into seven equal portions which I give, bequeath and devise as follows to [seven named] nieces and nephews * * *."

On February 2, 1994, decedent died, having remained separated from appellant.

On November 30, 1994, the Clermont County Court of Common Pleas, Probate Division, held a hearing concerning decedent's estate. The central issue was whether decedent's will revoked the trust, amended the trust or failed to alter the trust.

On January 6, 1995, the referee filed a report finding that the residuary clause in decedent's will revoked the trust. Accordingly, the referee recommended that the trustee be ordered to distribute the assets of the trust to the executor of the decedent's estate, and that the trust assets be included in the inventory of decedent's probate estate. The probate court judge affirmed the referee's report on May 31, 1995.

On June 29, 1995, appellant timely filed a notice of appeal. She presents a single assignment of error for review.

"The trial court erred in finding that Charles E. Davis revoked his *inter vivos* declaration of trust dated May 20, 1987 by including the trust in the residuary bequest in his will dated April 16, 1992."

We find this assignment of error to be well taken and agree that the trial court incorrectly found that decedent revoked the trust. For the following reasons, however, we hold that decedent effectively amended the trust.

Before assessing appellant's assignment of error, we note the applicable standard of review. The interpretation of wills, including the intent of the testator, is a question of law, *Leyshon v. Miller* (Oct. 20, 1994), Hamilton App. No. 93CA37, unreported, 1994 WL 585743, and, therefore, is subject to independent appellate review. *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286, 287.

A settlor has the right to reserve power to revoke or amend a trust. R.C. 1335.01; *Magoon v. Cleveland Trust Co.* (1956), 101 Ohio App. 194, 198, 1 O.O.2d 126, 128–129, 134 N.E.2d 879, 882. If the settlor retains a restricted power to

revoke or amend during his life, the revocation or amendment is valid only if it takes effect before the death of the settlor. *First Natl. Bank of Cincinnati v. Oppenheimer* (P.C.1963), 23 O.O.2d 19, 23, 190 N.E.2d 70, 73–74.

In the instant case, decedent and trustee executed a trust on May 20, 1987 in which decedent reserved the power to revoke or amend the trust. The trust conditions the validity of the alteration upon decedent revoking or amending the trust during his life. On April 16, 1992, decedent executed a will directing that the trust assets be distributed to different beneficiaries and in different amounts than the trust directs. Whether the will operated during decedent's life to effectively revoke or amend the trust is the first dispositive issue in this case. If a valid *in praesenti* instrument is found to exist, the second issue becomes whether the *in praesenti* instrument manifests decedent's intention to revoke or amend the trust.

The general rule is that a will is ambulatory and does not take effect until the testator's death. *Id.* at 23, 190 N.E.2d at 73. An exception exists, however, stating that a will can operate as an *in praesenti* instrument capable of revoking or amending a revocable trust during the life of the settlor where the settlor uses language which appropriately manifests an intention to do so. *Id.* at 23, 190 N.E.2d at 74.[1]

"An instrument which contains language appropriate to two or more different types of instruments will be construed in accordance with the intention of the testator as deduced from the instrument as a whole and from any extrinsic evidence that might be introduced * * *." *Id.* at 23, 190 N.E.2d at 74.

The record in this case shows that decedent intended to amend the trust and remove appellant as a beneficiary of the trust assets. Decedent and the trustee executed a revocable trust which reserved to decedent the right to revoke or amend the trust. Decedent executed a will several months after becoming separated from appellant which specifically refers to the trust, names the trustee and notes the trust's account number. The will does not use the word "revoke" in connection with the trust, or repeat the distribution directions of the trust's terms. Instead, the will alters the terms of disposition of the trust assets,

---

1. In *Oppenheimer,* a trust reserved in the settlor the right to revoke by a written instrument signed by and delivered to the trustee during the settlor's life. *Oppenheimer,* 23 O.O.2d at 20, 190 N.E.2d at 71. The *Oppenheimer* court held that a revocation by appropriate language in the settlor's will would not validly revoke without a signed copy delivered to the trustee during the settlor's life. *Id.* at 23, 190 N.E.2d at 73–74.

As the referee in the present case noted, decedent's trust has no requirement that he notify the trustee of a revocation. Therefore, the *Oppenheimer* requirement concerning notice is inapplicable to the present case and decedent did not invalidly revoke the trust by failing to provide notice to the trustee.

directing that the trust assets be distributed to different beneficiaries in different amounts than the original trust terms had directed.

We hold that the trial court correctly found that decedent's will operated as an *in praesenti* instrument. The trial court erred, however, in finding that the *in praesenti* instrument revoked the trust. Because decedent clearly manifested an intention to do so, the *in praesenti* instrument effectively amended the trust terms. Appellant's assignment of error is sustained.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.