ZAHN, Appellee,

v.

NELSON et al., Appellants.

[Cite as *Zahn v. Nelson*, 170 Ohio App.3d 111, 2007-Ohio-667.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 06CA29.

Decided Jan. 24, 2007.

---

27. See id.; *Siuda v. Howard*, 2002-Ohio-2292.

28. See *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174.

Fred J. Beery, for appellants.[1]

Rocky A. Coss, for appellee.

KLINE, Judge.

{¶ 1} Gale Zahn Nelson, Albert Zahn, and Brad Zahn appeal the judgment of the Highland County Court of Common Pleas, Probate Division, granting summary judgment to Donna Zahn on her complaint for declaratory judgment and dismissing their counterclaims. In her complaint, Donna sought a judgment declaring that (1) R.C. 2106.13(A) and her election to take against the will of her deceased husband, William J. Zahn, entitle her to a statutory allowance of $40,000 from the estate; (2) Scott Zahn's fiduciary duties as executor of the estate of William J. Zahn obligate him to demand payment of sufficient monies from Gale, in her capacity as successor trustee of the William J. Zahn Trust, to pay the balance of the statutory allowance as provided in subparagraph (c) of the "Management" provision of the trust; and (3) the trust agreement obligates Gale, in her capacity as trustee, to pay to Scott, in his capacity as executor, the unpaid balance of Donna's statutory allowance.

{¶ 2} Gale, Albert, and Brad contend that the court erred in assuming and/or exceeding its jurisdiction by ordering the successor trustee to pay an allowance. Because we find that R.C. 2101.24(B)(1)(b) grants a probate court concurrent jurisdiction with the general division of the court of common pleas to hear and determine any action involving an inter vivos trust, and because R.C. 2721.05 permits any interested person to seek a declaration of rights or legal relations regarding the administration of a trust, we disagree. Additionally, Gale, Albert, and Brad contend that the trial court erred in granting summary judgment to Donna because the court (1) failed to accurately determine and apply William's intent as trustor of the trust and (2) incorrectly defined and applied the word "allowances" as used in the trust. Because we conclude that the plain language of the trust demonstrates William's intent that his successor trustee, upon receipt

---

1. In her complaint, Donna Zahn also named Scott Zahn as a defendant, both individually and in his capacity as the executor of the estate of William J. Zahn. Scott participated in the proceedings below, but has not participated in this appeal. Additionally, the record reflects that Gale, Albert, and Brad consented to the withdrawal of their trial counsel from their representation, with the understanding that trial counsel would continue to represent Scott both individually and as executor of the estate.

of a request from the executor of his estate, transfer trust assets to his estate in the event that his estate had insufficient assets to meet certain financial obligations, we disagree. Accordingly, we overrule each of Gale, Albert, and Brad's three assignments of error and affirm the trial court's judgment.

I

{¶ 3} Donna and William married, although the exact date of their marriage is not clear from the record. Although William later filed for a divorce from Donna, they remained married at the time of his death on October 3, 2004. William had five children from a previous marriage or marriages, namely, Albert, Dennis,[2] Scott, Brad, and Gale.

{¶ 4} This action arises from Donna's complaint for a declaratory judgment that (1) as William's surviving spouse, she is entitled to receive $40,000 as a statutory allowance for support; (2) because William's estate does not contain assets sufficient to pay the statutory allowance, the executor's fiduciary duties and terms of a trust established by William require the executor to request money from the trustee to satisfy the obligation; and (3) the terms of the trust obligate the trustee to transfer sufficient assets to the estate to satisfy the obligation.

{¶ 5} In their answer to Donna's complaint, the children admit that William executed a will on March 17, 1989, in which he bequeathed his entire estate to his children in equal shares. They acknowledge that the inventory of William's estate lists assets valued at $10,773.44 plus an automobile with a value of $1,850 that the estate previously transferred to Donna pursuant to R.C. 2106.18. Additionally, the parties agree that on May 1, 1989, William executed a trust agreement, which transferred the ownership of the bulk of his assets to the trust, to be used or expended for his benefit during his lifetime.

{¶ 6} The children acknowledge that subparagraph (c) of the Trust's management provisions specifically provides: "Further, upon the death of Trustor, if there are insufficient assets in Trustor's estate, there shall be paid to Trustor's estate such sums as it may require for the payment of all estate, inheritance or succession taxes payable by the Trustor's Executor, together with any interest and penalties on such taxes, and any amounts requested by Trustor's executor for payment of debts, administrative expenses, specific bequests and statutory allowances."

---

2. In their brief, Gale, Albert, and Brad indicate that Dennis died on October 23, 2004, without issue. Donna does not dispute this assertion.

{¶ 7} We note that the trust agreement provides that, upon William's death, the residuary trust becomes the "Albert Zahn and Dennis Zahn Trust." Initially, the trust directs the trustee to provide for the maintenance, support, and education of Albert and Dennis. But, upon Albert and Dennis's completion of their high school and higher education, if any, the trust directs the trustee to distribute all trust property to the five children in equal shares.

{¶ 8} All parties acknowledge that the trust has assets, including $105,189.33 in proceeds from the sale of real estate owned by the trust held in escrow pursuant to an agreement between Gale, as trustee, and Donna. Further, the children admit that on November 9, 2004, Donna filed her election to take against William's will.

{¶ 9} In addition to their answer, the children filed a counterclaim against Donna, seeking the return of certain items of personal property and cash that they alleged Donna wrongfully retained, as well as contribution for a loan for which they alleged Donna was jointly liable.

{¶ 10} After completing discovery, Donna filed a motion for summary judgment, alleging that no genuine issues of material fact exist and that she is entitled to judgment as a matter of law as to both her complaint for declaratory judgment and the children's counterclaim. Specifically, with regard to her complaint, Donna alleged that the executor's fiduciary duties and the plain language of the trust agreement require the executor to request payment from the trust to satisfy her statutory support allowance.

{¶ 11} The children also filed a motion for summary judgment. With regard to Donna's claim, they asserted that the plain language of subparagraph (c) of the Trust's management provision made the payment of all estate, inheritance, or succession taxes mandatory, but made the payment of "any amounts requested by Trustor's executor for payment of debts, administrative expenses, specific bequests and statutory allowances[,]" discretionary. The children further argued that, upon William's death, it was William's intention that the terms of the residuary trust naming them as the sole beneficiaries of the trust should control the distribution of trust assets.

{¶ 12} The children also filed a memorandum opposing Donna's motion for summary judgment, wherein they asserted that no legal authority exists to require the executor of an estate "to take whatever steps are necessary to obtain sufficient assets to pay the Statutory Allowance under the circumstances of this case." Further, they claimed that the language of the trust did not (1) compel the executor to make such a request for payment to the trustee or (2) compel the trustee to make such a payment to the executor, even if requested by the executor. The children asserted that the plain language of the trust manifested

William's intent that the trustee would possess discretion to grant or deny such a request.

{¶ 13} The trial court scheduled a hearing upon the motions for summary judgment. Counsel for the parties appeared and indicated to the court that they had no additional evidence to submit in support of their respective motions.

{¶ 14} The court took the motions under advisement and issued a written decision on July 10, 2006. In its decision, the court found that it possessed the requisite jurisdiction to consider Donna's declaratory judgment complaint pursuant to R.C. 2721.03 and R.C. 2721.05. After reviewing the pleadings, request for admissions, and interrogatories of record, the court concluded that R.C. 2106.13 entitles Donna to a $40,000 allowance for support. The court found that no genuine issue of material fact existed and that Donna was entitled to judgment as a matter of law. Therefore, the court (1) granted Donna's motion for summary judgment on her complaint; (2) ordered the executor to demand a payment from the trustee of sums sufficient to satisfy the $40,000 allowance for support; (3) ordered the trustee to pay the amount requested by the executor; and (4) ordered the executor to pay the remaining balance of Donna's $40,000 allowance. Additionally, the court granted Donna's motion for summary judgment with regard to the children's counterclaim.

{¶ 15} Gale, Albert, and Brad[3] now appeal, raising the following assignments of error: I. "The trial court erred defining and applying the word allowances." II. "The trial court erred in failing to determine and apply the intent of the trustor." III. "The trial court erred in assuming and/or exceeding its jurisdiction and ordering the successor trustee to pay an allowance."

II

{¶ 16} For ease of discussion, we address Gale, Albert, and Brad's assignments of error out of order. In their third assignment of error, Gale, Albert, and Brad assert that the trial court exceeded its jurisdiction by ordering the successor trustee to pay the estate a sum of money sufficient to pay the balance of Donna's statutory allowance. They acknowledge that R.C. 2101.24(B)(1)(b) permits a probate court to exercise concurrent jurisdiction with the general division of the probate court to hear and determine any action involving an inter vivos trust. However, they contend that case law has limited the exercise of that jurisdiction to actions involving the right to assets and the removal of a trustee. Further, they contend that pursuant to the Ohio Supreme

---

3. In their brief, Gale, Albert, and Brad assert that Scott did not participate in the appeal in order to avoid any appearance of a conflict of interest, given his dual role as the executor of the estate and a beneficiary of the trust.

Court's holding in *Zuendel v. Zuendel* (1992), 63 Ohio St.3d 733, 590 N.E.2d 1260, the court does not have jurisdiction to interpret an inter vivos trust agreement.

{¶ 17} R.C. 2101.24(B)(1) provides: "The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows: * * * (b) Any action that involves an inter vivos trust * * *." Furthermore, R.C. 2101.24(C) provides: "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

{¶ 18} Here, the portion of the judgment that Gale, Albert, and Brad appeal clearly involves the construction of an inter vivos trust. Because the statute broadly provides that the court possesses concurrent jurisdiction over "any action" involving an inter vivos trust, we find their argument, i.e. that judicial construction has somehow limited the court's jurisdiction over inter vivos trusts to specific circumstances, unconvincing.

{¶ 19} Additionally, we find the Ohio Supreme Court's holding in *Zuendel* inapplicable to the facts of this case. In *Zuendel*, the court held that a probate court did not have jurisdiction to render a declaratory judgment regarding the validity of a contract between the beneficiaries of an estate that provided for a division of a testator's estate in a manner contrary to the division established by the testator's will. *Zuendel*, 63 Ohio St.3d 733, 590 N.E.2d 1260, at syllabus. Here, however, the controversy involves an inter vivos trust rather than a contract between the beneficiaries of an estate. Thus, the court clearly possesses jurisdiction under R.C. 2101.24(B)(1)(b). Further, R.C. 2721.05 permits any person interested in the administration of a trust to seek a declaration of rights or legal relations determining any question arising in the administration of the trust, including questions of construction. R.C. 2721.05(C); see, also, *Zuendel*, 63 Ohio St.3d at 735, 590 N.E.2d 1260. Moreover, as Donna notes in her brief, this court has implicitly acknowledged the probate court's jurisdiction over a declaratory judgment action involving the construction of inter vivos trusts. See *Henson v. Casey*, Pickaway App. No. 04CA9, 2004-Ohio-5848, 2004 WL 2474264.

{¶ 20} Therefore, we conclude that the trial court possessed the requisite jurisdiction to consider Donna's complaint for declaratory judgment as it relates to the construction of the trust. Accordingly, we overrule Gale, Albert, and Brad's third assignment of error.

### III

{¶ 21} In their first and second assignments of error, Gale, Albert, and Brad argue that the court inappropriately granted summary judgment to Donna

because the court's interpretation of the relevant trust language ignored William's clear intention that the only beneficiaries of his trust were his surviving children.

{¶ 22} Summary judgment is appropriate when a court finds that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786.

{¶ 23} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that it can draw from that record to determine whether the opposing party can possibly prevail. *Morehead,* 75 Ohio App.3d at 411–12, 599 N.E.2d 786. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. See, also, *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10.

{¶ 24} Here, the parties do not dispute the material facts. The arguments in their motions for summary judgment reveal that the only relevant issues before the trial court were (1) whether the executor's fiduciary duties obligated him to request money from the trustee to pay Donna's statutory support allowance and (2) whether, upon receiving such a request, the trust agreement required the trustee to pay such amounts to the executor.

{¶ 25} Gale, Albert, and Brad do not assign error to the trial court's determination that, as the executor of William's estate, Scott had an obligation to demand or request sufficient funds from Gale, as trustee, to pay the remaining balance of Donna's statutory support allowance.[4] Instead, they focus solely upon the court's interpretation of the trust agreement to require the trustee to make such payment.

{¶ 26} The interpretation of a written instrument like a trust is a matter of law. See *In re Estate of Davis* (1996), 109 Ohio App.3d 181, 183, 671 N.E.2d 1302. The trustor's intention is determined by considering the language used in the trust, reading all the provisions of the trust together. *Mumma v. Huntington Natl. Bank of Columbus* (1967), 9 Ohio App.2d 166, 169, 38 O.O.2d 183, 223 N.E.2d 621. Generally, when the language of the instrument is not

---

4. Nor has the executor, Scott, appealed the trial court's determination that he must request sufficient funds from the trustee to pay the balance of Donna's statutory support allowance.

ambiguous, a court may ascertain the trustor's intent from the express terms of the trust itself. *Davis*, 109 Ohio App.3d at 183, 671 N.E.2d 1302. A court presumes that the trustor used the words in the trust according to their common, ordinary meaning. *In re Trust of Brooke* (1998), 82 Ohio St.3d 553, 557, 697 N.E.2d 191.

{¶ 27} Gale, Albert, and Brad contend that, viewing the trust agreement as a whole, a court should conclude that William wanted his children to be the only beneficiaries of his trust. They assert that by interpreting the word "allowances" in subparagraph (c) of the management provision to permit Donna, as William's surviving spouse, to reach trust assets for the satisfaction of her statutory support allowance, the court vitiates William's express intent to provide for his surviving children.

{¶ 28} Our review of the trust agreement reveals that William established the trust to benefit himself during his lifetime. William directed that upon his death, the trustee use the residue of the trust to provide for the support, maintenance, and education of his sons, Albert and Dennis. William also clearly expressed his intention that when both Albert and Dennis completed their high school and higher education, if any, the trustee would distribute the remainder of the trust equally to Scott, Brad, Gale, Albert, and Dennis, if they survived. However, subparagraph (c) of the trust's management provision also clearly demonstrates that William intended his successor trustee to transfer trust assets to his estate in the event that his estate had insufficient assets to meet certain financial obligations.

{¶ 29} Subparagraph (c) of the management provision provides: "Further, upon the death of Trustor, *if there are insufficient assets in Trustor's estate,* there *shall be paid* to Trustor's Estate such sums as it may require for the payment of all estate, inheritance or succession taxes payable by the Trustor's Executor, together with any interest and penalties on such taxes, *and* any amounts requested by Trustor's executor for payment of debts, administrative expenses, specific bequests and statutory allowances." (Emphasis added.)

{¶ 30} In their interpretation of the agreement, the children take the term "allowances" out of context, asserting that "a spousal allowance provided by statute is neither a plain nor an expected meaning as used in this trust agreement." However, the children's interpretation fails to acknowledge that subparagraph (c) of the management agreement specifically provides for the payment of sums to the executor, upon the executor's request, for "*statutory allowances.*" (Emphasis added.)

{¶ 31} Black's Law Dictionary defines "statutory" as follows: "Relating to a statute; created or defined by a statute; conforming to a statute." Black's Law Dictionary (6th Ed.1990) 1411. Therefore, the plain meaning of the term

"statutory allowances" encompasses any allowance created by statute. R.C. 2106.13, entitled "Allowance for support of surviving spouse and minor children," establishes that a surviving spouse has a right to receive the "sum of forty thousand dollars as an allowance for support" when the decedent leaves no surviving minor children. R.C. 2106.13(A) and (B)(1). Moreover, subparagraph (c) of the trust's management provision details the trustee's duties as they relate to the financial obligations of William's probate estate. In the context of probate proceedings, courts commonly refer to the allowance for the support of a surviving spouse and minor children provided in R.C. 2106.13 as a "statutory allowance." See, e.g., *In re Estate of Ramminger*, Butler App. No. CA2002–08–189, 2003-Ohio-3697, 2003 WL 21637943; *Karako v. Lindberg* (Apr. 10, 1998), Lake App. No. 97–L–022, 1998 WL 257043; *In re Estate of Ginther* (July 26, 1995), Ross App. No. 94CA2078, 1995 WL 450818; *In re Estate of Reddick* (1995), 102 Ohio App.3d 488, 657 N.E.2d 531. See, also, 32 Ohio Jurisprudence 3d (1979, Supp.1983), Decedents' Estates, Sections 770 and 1685. Therefore, we hold that the term "statutory allowances," as used in subparagraph (c) of the trust's management provision, clearly encompasses the statutory support allowance created by R.C. 2106.13.

{¶ 32} Additionally, we hold that the general rules of grammar dictate that the only reasonable interpretation of subparagraph (c) is that the phrase "there shall be paid to the Trustor's Estate" imposes a mandatory duty upon the trustee to make payments to the estate for each of the items subsequently listed in the sentence. Thus, we conclude that the trust expressly requires the trustee to pay the estate (1) any sums the estate requires for payment of all estate, inheritance, or succession taxes plus any interest and penalties on such taxes, regardless of whether the executor requests such payment; *and* (2) any amounts for payment of the estate's debts, administrative expenses, specific bequests, and statutory allowances when such amounts are requested by the executor. This interpretation is consistent with William's express intent that the trustee provide sufficient funds for the estate to meet these specific financial obligations and with his express intent that his surviving children benefit from the remainder of the trust estate.

{¶ 33} Based upon the foregoing, we hold that upon receipt of the executor's request for sufficient funds to satisfy Donna's $40,000 statutory allowance, the plain language of the trust obligates the trustee to pay those sums to the estate. Because no one has appealed the trial court's judgment ordering Scott, in his capacity as the executor of William's estate, to request funds from the trustee to satisfy Donna's statutory support allowance, we do not address the court's judgment as it relates to that issue. Therefore, we overrule Gale, Albert, and Brad's first and second assignments of error, and we affirm the trial court's grant

of summary judgment to Donna as it relates to the trustee's obligation to make the payment upon receipt of the executor's request for such payment.

Judgment affirmed.

HARSHA and ABELE, JJ., concur.