DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants bring this accelerated appeal from a summary judgment issued by the Huron County Court of Common Pleas, Probate Division, implementing the terms of a trust.
 {¶ 2} Appellants, Virginia Poston, James Schuster and David Schuster are the children of Myron Schuster. Appellee, Marlys Schuster, is Myron Schuster's widow and present trustee of the Myron Schuster family trust. *Page 2 
 {¶ 3} Myron Schuster created the trust at issue in a document dated January 23, 2003. Into the trust, the settlor placed three parcels of land in Huron County, totaling approximately 150 acres. This property was to be held for the benefit of the settlor and his wife during their lives. On the death of the survivor of Myron Schuster and his wife, the trust provides for distribution of each of the parcels to one of the settlor's children. The trustee has the express power to, "* * * rent, sell[,] exchange, hold, control, invest, and reinvest trust assets (including real estate) in such manner and upon such terms as [the trustee] deem[s] best * * *."
 {¶ 4} Appellee became trustee of the Schuster family trust on the death of the Myron Schuster on March 2, 2005. When appellee, now a resident of South Dakota, moved to sell the real property at issue, appellants initiated the action which underlies this appeal. Appellants sought a declaration that, under the terms of the trust document, appellee did not have authority to sell the real property. Appellants requested a permanent injunction prohibiting her from doing so.
 {¶ 5} In the trial court, the court granted appellee's motion for a preliminary injunction. The matter was then submitted to the court on cross-motions for summary judgment. The court granted appellee's motion and denied appellants', concluding that the trust document expressly permitted appellee to sell the real property at issue. From this judgment, appellants now bring this appeal. In a single assignment of error, appellants maintain that the trial court's judgment was erroneous. *Page 3 
 {¶ 6} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 7} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 8} In this matter, there is no question of material fact. The interpretation of a written instrument like a trust is a matter of law. The settlor's intention is determined by considering the language used in the trust, reading all the provisions of the trust together. Generally, when the language of the instrument is not ambiguous, a court may ascertain the settlor's intent from the express terms of the trust itself. A court presumes that the settlor used the words in the trust according to their common, ordinary meaning. Zahn v. Nelson,170 Ohio App.3d 111, 118-119, 2007-Ohio-667, ¶ 26.
 {¶ 9} Appellants insist that the language contained in the trust permitting the trustee to sell real property is nothing more than general "boilerplate," which conflicts with the express award of specific pieces of real property to each of them. Given such ambiguity, appellants argue, the standard rule of construction that the specific controls over the general should apply. Since the award of named properties containing precise *Page 4 
land descriptions to them is quite specific, these awards should be superior to any other. Thus, the trial court should have concluded that appellee lacked authority to sell the parcels at issue.
 {¶ 10} We disagree. There is no need to resort to interpretation of the trust document. The trust agreement clearly and unambiguously states that "[u]ntil the death of the survivor of myself and [appellee], or until the remarriage of [appellee], all trust assets shall be held for our benefit." The agreement also provides that no disposition of property to appellants is to occur except "[u]pon the death of the survivor of myself and [appellee] or upon the remarriage of [appellee] * * *." In our view, these directives make abundantly clear the intent of the settlor that the corpus of the trust be a source of support for himself and appellee during their lives.
 {¶ 11} Moreover, boilerplate though it may be, the language setting out the powers of the trustee unambiguously gives her the authority to sell real property. It is undisputed that the only thing now or ever in the trust is the real property at issue. It would defy reason to give the trustee the authority to sell real property, when that was the only thing to be sold, if the settlor did not intend the trustee to have such authority.
 {¶ 12} Consequently, we find nothing in the language of the trust agreement which would contradict the express authority to sell property granted therein. Finding no ambiguity, we must give effect to the settlor's clear intent as it is stated. Domo v. McCarthy (1993),66 Ohio St.3d 312, 314. Accordingly, appellants' sole assignment of error is not well-taken. *Page 5 
 {¶ 13} On consideration whereof, the judgment of the Huron County Court of Common Pleas, Probate Division, is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1