[Cite as *Wyper v. DuFour*, 2019-Ohio-1035.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| Margaret E. Wyper, et al. | Court of Appeals No. WD-18-050 |
| Appellees | Trial Court No. 17 CV 311 |
| v. | |
| Nadine DuFour, et al. | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 22, 2019 |

* * * * *

Kevin J. Kenney and Christopher Hensien, for appellees.

Christopher F. Parker, for appellee Steven N. Skutch, Successor Trustee.

Marvin A. Robon and R. Ethan Davis, for appellant.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellant, Nadine DuFour, appeals the judgment of the Wood County Court of Common Pleas, ordering her to terminate her possession of property located at 29666 Chatham Way, Perrysburg, Ohio (the "Chatham property"), and granting her possession of the property located at 11149 River Bend Court West, Perrysburg, Ohio (the "River Bend property"). Finding no error in the trial court's judgment, we affirm.

## A. Facts and Procedural Background

{¶ 2} This appeal involves the application of certain provisions contained in the Dan E. Wyper Trust Agreement. Dan E. Wyper, the settlor of the trust established under the trust agreement, died in October 2016. Thereafter, appellant became the trustee of the trust. Eight months later, appellees, Margaret and David Wyper, filed a "complaint for declaratory judgment, breach of trust, and damages," in which they sought to remove appellant as trustee based upon her alleged failure to make distributions to them in accordance with the terms of the trust agreement. Margaret and David are Dan's children.

{¶ 3} On January 10, 2018, the trial court granted appellees' motion to remove appellant as trustee, and subsequently appointed appellee, Steven Skutch, as successor trustee. Thereafter, Skutch requested assistance regarding the disposition of the Chatham property and the River Bend property. Margaret and David wished to sell the Chatham property, which was transferred into the trust by Dan after he bought it in August 2015.[1] However, appellant was a resident of the Chatham property, having moved from the River Bend property with Dan prior to his death. After moving to the Chatham property, Dan leased the River Bend Property to a tenant on a one-year lease commencing on July 1, 2016, and automatically renewing on a month-to-month basis upon the expiration

---

[1] It appears from the record that the Chatham property is currently encumbered with a $398,000 mortgage. According to appellees, the income generated by the trust is insufficient to make the payments on the mortgage. As such, Margaret and David wish to sell the Chatham property in an effort to prevent its foreclosure.

2.

of the one-year term. The tenant currently remains in the River Bend property on the automatically renewing month-to-month lease.

{¶ 4} Upon Skutch's request for its assistance regarding the disposition of the properties, the court directed the parties to brief the matter. On May 29, 2018, Margaret and David filed their brief, in which they asserted that the trust agreement did not support appellant's continued residence at the Chatham property. In support of their argument, Margaret and David cited paragraph 3.04 of the trust agreement, which provides:

> 3.04 After the death of the Settlor and payment of the expenses of his last illness and funeral, the Trustee shall pay to or apply for the benefit of the Settlor's companion, Nadine DuFour, if she is living at his death, herein called "Income Beneficiary", all of the net income of the Trust Estate in monthly or other convenient installments, except for two-thirds (2/3rds) of the income I am entitled to receive from SW Storage and Transport Services, LLC including but not limited to exclusive occupancy of my residence commonly known as 11149 River Bend Court West, Perrysburg, Ohio 43551. Provided, however, that in the event that Nadine DuFour remarries or cohabitates with a non-relative male, then her right to exclusive occupancy of my residence commonly known as 11149 River Bend Court West, Perrysburg, Ohio 43551, shall lapse and the aforesaid property shall be distributed pursuant to paragraph 3.07. The remaining two-thirds (2/3rds) of the income I am entitled to receive from SW Storage

3.

and Transport Services, LLC, I give equally to my children, David Gregory Wyper and Margaret Elizabeth Wyper, and shall be distributed pursuant to paragraphs 3.07 and 3.04.

{¶ 5} Because the foregoing provision referred specifically to the River Bend property, and made no mention of the Chatham property, Margaret and David argued that appellant was not entitled to continued possession of the Chatham property. Pursuant to the express language of paragraph 3.04, Margaret and David acknowledged that appellant was entitled to take possession of the River Bend property upon the eviction of the tenants that were currently residing therein.

{¶ 6} On May 29, 2018, appellant filed her brief in support of her continued residence at the Chatham property. According to appellant, the language "exclusive occupancy of my residence commonly known as 11149 River Bend Court West, Perrysburg, Ohio 43551" from paragraph 3.04 of the trust agreement provided her with exclusive occupancy of Dan's residence at the time of his death, which the parties agreed was the Chatham property. Appellant asserted that she was entitled to occupy the Chatham property. Appellant argued that Dan's intent to provide her with occupancy of the Chatham property at the time of his death, rather than the River Bend property, was demonstrated by the fact that Dan leased out the River Bend property prior to his death, rendering it impossible for her to occupy the River Bend property. Moreover, appellant noted the fact that Dan had transferred the Chatham property into the trust prior to his death.

4.

**{¶ 7}** On May 30, 2018, Skutch submitted his brief on the issue, arguing that the terms of the trust agreement are clear and thus the interpretation of those terms requires no reference to extrinsic evidence. In his brief before the trial court, Skutch argued that the express language of paragraph 3.04 provided appellant with the right to occupy the specific property named therein (i.e. the River Bend property). Skutch noted that Dan acquired the Chatham property and transferred it into the trust 14 months before his death, but he never amended the provisions of paragraph 3.04 to specify that appellant was to occupy the Chatham property instead of the River Bend property upon his death.

**{¶ 8}** Upon consideration of the parties' respective positions regarding the treatment of the Chatham property and River Bend property under paragraph 3.04 of the trust agreement, the trial court issued its decision on June 19, 2018.

**{¶ 9}** In its decision, the trial court found that the language "exclusive occupancy of my residence commonly known as 11149 River Bend Court West, Perrysburg, Ohio 43551" clearly conveyed a right to exclusive occupancy of the River Bend property to appellant. Due to the specific reference to the River Bend property found in paragraph 3.04, the court rejected appellant's argument that she was entitled to occupancy of the Chatham property. The court went on to find that Dan had "ample opportunity to amend the Trust to reflect his wish that DuFour occupy Chatham Way upon his death, if he had chosen to do so." The court also rejected appellant's argument that Dan's leasing of the River Bend property demonstrated his intent to provide her with occupancy of the Chatham property, finding that the lease of the River Bend property was not related to the

5.

issue of whether she was entitled to exclusive occupancy of the Chatham property under the terms of the trust agreement.

## B. Assignments of Error

{¶ 10} Following the trial court's order rejecting appellant's claim to exclusive occupancy of the Chatham property, appellant filed a timely notice of appeal, and now assigns the following errors for our review:

1. The Trial Court erred in finding that Appellant Nadine DuFour has "no claim to Chatham Way" when the Chatham Way property is an asset of the Trust, and Appellant DuFour is the present and primary beneficiary of the Trust.

2. The Trial Court committed reversible error by ordering Defendant/Appellant Nadine DuFour to terminate her possession and vacate the premises known as 29666 Chatham Way, Perrysburg, Ohio 43551.

{¶ 11} Because appellant's assignments of error are interrelated, we will address them simultaneously.

## II. Analysis

{¶ 12} In appellant's assignments of error, she argues that the trial court erred in finding that she is not entitled to exclusive occupancy of the Chatham property based upon its reading of paragraph 3.04 of the trust agreement.

6.

**{¶ 13}** We apply a de novo standard of review to the trial court's interpretation of the trust agreement, which is a matter of law. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 14.

**{¶ 14}** "A court's purpose in interpreting a trust is to effectuate, within the legal parameters established by a court or by statute, the settlor's intent." *Domo v. McCarthy*, 66 Ohio St.3d 312, 612 N.E.2d 706 (1993), paragraph one of the syllabus. "Interpreting a trust is akin to interpreting a contract; as with trusts, the role of courts in interpreting contracts is 'to ascertain and give effect to the intent of the parties.'" *Arnott* at ¶ 14, quoting *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 9.

**{¶ 15}** "Generally, when the language of the instrument is not ambiguous, a court may ascertain the settlor's intent from the express terms of the trust itself. A court presumes that the settlor used the words in the trust according to their common, ordinary meaning." *Poston v. Schuster*, 6th Dist. Huron No. H-07-037, 2008-Ohio-2085, ¶ 8, citing *Zahn v. Nelson*, 170 Ohio App.3d 111, 2007-Ohio-667, 866 N.E.2d 58, ¶ 26 (4th Dist.). Thus, there is no need to resort to principles of interpretation when the express terms of the trust agreement are clear and unambiguous. *Id.* at ¶ 10. Absent a finding of ambiguity, "we must give effect to the settlor's clear intent as it is stated." *Id*. at ¶ 12, citing *Domo v. McCarthy*, 66 Ohio St.3d 312, 314, 612 N.E.2d 706 (1993).

**{¶ 16}** In the present case, the issue is whether appellant is entitled to exclusive occupancy of the Chatham property pursuant to the trust agreement. Appellant attempts to conflate this issue by raising arguments pertaining to trust agreement provisions not

7.

cited by the parties before the trial court. Specifically, appellant urges, for the first time, that her election to reside at the Chatham property is "conclusive and binding" on the trust and its beneficiaries.

{¶ 17} In support of her argument, appellant cites paragraph 3.05, a provision that permits the trustee to invade the principal of the trust to provide for the care, support, and maintenance of the income beneficiary, to establish that Dan's intent was to provide all of the trust income to her, excluding two-thirds of the income of SW Storage and Transport Services, LLC. Further, appellant cites three provisions (paragraphs 4.01, 4.02, and 4.07) relating to the powers of the trustee to retain investments, manage trust property, and determine principal and income, to support her contention that she had the authority to "use, operate, and control" the Chatham property and, therefore, the right occupy the Chatham property.

{¶ 18} As an initial matter, we find that these additional provisions are irrelevant to the issue before us, because the language found in paragraph 3.04 is dispositive in this case. Further, we note that the parties' arguments below, relative to the issue of whether appellant is entitled to occupancy of the Chatham property, were limited to the interpretation of paragraph 3.04 of the trust agreement and the language contained therein. Appellant did not claim to have the right to elect which residence she would like to occupy before the trial court below. Having failed to raise this argument or address the other provisions she now cites before the trial court, the argument is waived on appeal. *See Perk v. Tomorrows Home Solutions*, 8th Dist. Cuyahoga No. 107012, 2019-Ohio-

8.

103, ¶ 21, citing *Foster v. Wells Fargo Fin. Ohio, Inc.*, 195 Ohio App.3d 497, 2011-Ohio-4632, 960 N.E.2d 1022, ¶ 24 (8th Dist.) ("It is well established that a litigant's failure to raise an argument in the trial court waives the litigant's right to raise the issue on appeal.").

{¶ 19} As set forth above, paragraph 3.04 entitles appellant, subject to certain conditions not at issue here, to "exclusive occupancy of my residence commonly known as 11149 River Bend Court West, Perrysburg, Ohio 43551." Under this clear and unambiguous language, appellant is entitled to exclusive occupancy of the River Bend property. No mention is made of appellant's right to occupancy of the Chatham property. As noted by the trial court, Dan had over one year to amend the terms of the trust agreement to reflect his desire to provide appellant with occupancy of the Chatham property, but failed to do so. Appellant's argument is tantamount to suggesting that Dan meant to add the Chatham property to paragraph 3.04. Even if this premise were true, it would not change the outcome of this case. The theory that the settlor would have drafted his trust differently had he foreseen circumstances as they existed at his death "does not justify altering the manifest meaning of the [trust]." *Evans v. Evans*, 2014-Ohio-4450, 20 N.E.3d 1139, ¶ 94 (4th Dist.), citing *Summers v. Summers*, 121 Ohio App.3d 263, 699 N.E.2d 958 (4th Dist.1996).

{¶ 20} Given our conclusion that the language employed in paragraph 3.04 is not ambiguous, we need not employ principles of interpretation in order to give effect to Dan's intent. The language of paragraph 3.04 clearly and unambiguously resolves the

9.

issue before us, and establishes that appellant is entitled to exclusive occupancy of the separately identified River Bend property. Therefore, the trial court did not err when it ordered appellant to vacate the Chatham property.

{¶ 21} Accordingly, appellant's assignments of error are not well-taken.

### III. Conclusion

{¶ 22} Having found appellant's assignments of error not well-taken, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                              JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.                       _____
CONCUR.                                                  JUDGE

_____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.